# In the United States Court of Federal Claims

No. 22-768
(Filed: April 14, 2023)

```
*****************************************
RANCHO DE DIAS ALEGRES LLC, et al.,   *
                                      *
                 Plaintiffs,          *
                                      *
     v.                               *
                                      *
THE UNITED STATES,                    *
                                      *
                 Defendant.           *
*****************************************
```

## **CASE MANAGEMENT ORDER**

      The Court conducted a status conference on April 5, 2023, to discuss further proceedings in this case. During the status conference, the parties agreed to meet and confer on a discovery schedule framework in the event the Court denies or defers ruling on the Defendant's pending motion to dismiss. The parties also agreed to cooperate on discovery matters that can be addressed prior to the Court ruling on the pending motion to dismiss, to the extent addressing such discovery matters is not prejudicial or unnecessarily burdensome. Lastly, the Court informed the parties that it would set a date for oral argument on the government's motion to dismiss once it resolved the Plaintiffs' pending motion for leave to file a sur-reply. *See* [ECF 48].

      On April 3, 2023, Plaintiffs filed a motion for leave to file a sur-reply to the government's reply to its motion to dismiss. [ECF 48]. Plaintiffs argue that a sur-reply is necessary "to address arguments and issues raised for the first time by the [Defendant] in its Reply Brief." *Id.* at 1. Plaintiffs attached a copy of the sur-reply to their motion. *Id*. Plaintiffs' motion contains a series of four charts that Plaintiffs allege address the new issues raised by the government. *See* [ECF 48-1]. Plaintiffs claim that Defendant mischaracterized a "series of legal cases" and "re-characterized specific factual allegations in the Plaintiff's Complaint." [ECF 48] at 1.[1] In response, Defendant moves to strike Plaintiffs' proposed sur-reply and asserts that Plaintiffs' proposed sur-reply is an inappropriate "attempt[] to get a second bite at the apple[.]" [ECF 51] at 2. Defendant also requests, in the alternative, that "should the Court grant the Motion for Leave[,]" it be given the "opportunity to file a brief in response to the Sur-Reply within ten days of the Motion for Leave being granted." *Id.* at 9. Plaintiffs did not file a reply in support of their motion for leave.

      Generally, sur-replies are disfavored because they serve as "a strategic move" by the non-movant "to get the last word." *Am. Safety Council, Inc. v. United States*, 122 Fed. Cl. 426, 431 (2015) (citing *Lacher v. West,* 147 F.Supp. 2d 538, 539 (N.D. Tex. 2001)). For this reason, a sur-

---

[1] All page numbers in the parties' briefings refer to the page number generated by the CM/ECF system.

reply should be used to address new arguments raised for the first time in a reply, not "to respond to arguments that reply to allegations in a response or elaborate on arguments raised in the opening motion." *Mohammed v. United States*, No. 21-2262, 2022 WL 627443, at *3 (Fed. Cl. Mar. 3, 2022) (citing *Am. Safety Council*, 122 Fed. Cl. at 431).

The Court finds that a sur-reply is not warranted in this circumstance. In its sur-reply, Plaintiffs fail to point to a new argument raised for the first time in the Defendant's reply. Instead, Plaintiffs sur-reply merely attacks the arguments that Defendant raised in its initial motion to dismiss. It is the Court's role to determine if a party has mischaracterized the law or the facts, and an alleged mischaracterization of the law or facts does not warrant a sur-reply. *See Bishop v. Children's Ctr. for Developmental Enrichment*, No. 2:08-CV-766, 2011 WL 5506105, at *2 (S.D. Ohio Nov. 10, 2011); *see also James v. Boyd Gaming Corp.*, 522 F. Supp. 3d 892, 904 (D. Kan. 2021). Accordingly, the Plaintiffs' motion for leave to file a sur-reply is **DENIED**. The Clerk is **DIRECTED** to **STRIKE** Plaintiffs' proposed sur-reply [ECF 48-1] from the record.

The Court will conduct an in-person oral argument on the government's motion to dismiss on **May 23, 2023,** at **11 a.m. (ET)** at the **Howard T. Markey National Courts Building**. As agreed on during the status conference, the parties shall meet and confer on a discovery schedule framework to implement in the event the Court denies or defers ruling on the Defendant's pending motion to dismiss. Further, the parties are encouraged to cooperate on such discovery matters that may be addressed during the pendency of the Court's consideration and ruling on the pending motion to dismiss.

**IT IS SO ORDERED.**

s/ Thompson M. Dietz
THOMPSON M. DIETZ, Judge
